# United States District Court

_____ WESTERN _____ **DISTRICT OF** _____ NEW YORK _____

UNITED STATES OF AMERICA

v.

James BEASLEY
Sean BROWN
Demitri EVERETT
Bobby WILLIAMS

**CRIMINAL COMPLAINT**

CASE NUMBER:  08-MJ- *615*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about July 21, 2008 in Monroe County, in the Western District of New York:

Defendants **James BEASLEY**, **Sean BROWN**, **Demitri EVERETT**, and **Bobby WILLIAMS** did

> knowingly, willfully, and unlawfully conspire with each other and others to possess with intent to distribute and distribute, fifty (50) grams or more of cocaine base and a quantity of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 846;

> knowingly, intentionally, and unlawfully possess with intent to distribute fifty (50) grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and

> knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Defendant **Sean BROWN** did knowingly, intentionally, and unlawfully possess, in or affecting commerce, a quantity of ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:      ( ✔ ) Yes      ( ) No

_____
MALCOLM VAN ALSTYNE, Jr.
Signature of Complainant

Sworn to before me and subscribed in my presence,

July **25**, 2008
Date

at Rochester, New York
City and State

HON. JONATHAN W. FELDMAN, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       - v -

08-MJ- 615

JAMES BEASLEY,
SEAN BROWN,
DEMITRI EVERETT, and
BOBBY WILLIAMS,

         Defendants.

State of New York)
County of Monroe)   ss
City of Rochester)

    MALCOLM D. VAN ALSTYNE, JR., being duly sworn, deposes and says:

1.  Your affiant is a Special Agent (SA) with the United States Department of

    Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF),

    assigned to the New York Field Division, Rochester Field Office.


2.  This affidavit is submitted in support of a criminal complaint charging

    James BEASLEY, Sean BROWN, Demitri EVERETT, and Bobby

    WILLIAMS with violations of Title 21, United States Code, Section 846

    (conspiracy to possess with intent to distribute and distribute fifty (50)

    grams or more of cocaine base and a quantity of cocaine); Title 21, United

    States Code, Sections 841(a)(1) and (b)(1)(A) (possession with intent to

    distribute fifty (50) grams or more of cocaine base); and Title 21, United

States Code, Sections 841(a)(1) and (b)(1)(C) (possession with intent to distribute a quantity of cocaine).  Additionally, this complaint charges BROWN with a violation of Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a convicted felon).

3.  As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation.  Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation.  Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that BEASLEY, BROWN, EVERETT and WILLIAMS committed the above-mentioned offenses.  In support thereof, I respectfully state the following:

## AFFIANT'S BACKGROUND

4.  I have been employed as an ATF Special Agent since 2001.  Prior to being employed as an ATF Special Agent, I was employed as a U.S. Probation Officer for the Northern District of New York in Syracuse, New York for over four years.  My primary duties as an ATF Special Agent include investigating violations of federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, as

well as the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

5. Additionally, I have been assigned to the U.S. Drug Enforcement Administration as a cross designated Task Force Agent.  During my tenure with ATF, I have participated in numerous investigations relating to armed individuals that were involved in the distribution of controlled substances, including cocaine, cocaine base and other substances in violation of federal narcotics laws, including Title 21, United States Code, Section 846 and Title 18 United States Code, Sections 922 and 924.  I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs. I have been the Affiant on two affidavits in support of Federal Title III intercepts and numerous Federal search warrants, arrest warrants and other applications. Through my training, education, experience and speaking with other law enforcement officers, I have become familiar with the manner in which illegal drugs are manufactured, transported, stored, and distributed, and with the methods of payment for such drugs.

## BACKGROUNDS OF DEFENDANTS

6. BEASLEY, BROWN, and EVERETT each have prior felony narcotics trafficking convictions:  BEASLEY was convicted in 2001 of the class C felony of Attempted Conspiracy in the Second Degree (conspiring to commit the class A felonies of Criminal Possession of a Controlled

Substance in the First and Second Degrees), and sentenced to 4 to 8 years imprisonment with the New York State Department of Correctional Services.  BROWN was convicted in 2000 of the class B felony of Criminal Possession of a Controlled Substance in the Third Degree (Intent to Sell) and sentenced to 2 to 6 years imprisonment with the New York State Department of Correctional Services.  EVERETT was convicted in 2000 of the class B felony of Criminal Possession of a Controlled Substance in the Third Degree (Intent to Sell) and sentenced to 3 to 9 years imprisonment with the New York State Department of Correctional Services.  WILLIAMS has no criminal history.

### SEARCH WARRANT EXECUTION AT 59 CHILI TERRACE

7. On July 21, 2008, I along with Special Agent Tom Shelton from the ATF Rochester, New York Field Office assisted Rochester Police Department (RPD) officers in executing a state court authorized search warrant at 59 Chili Terrace, Rochester, New York.  As officers entered the home, it appeared that BEASLEY, BROWN, and WILLIAMS were all in the kitchen as cocaine was being cooked into crack cocaine (cocaine base). Numerous cooking tools and large amounts of cocaine were in plain view on the counter next to the stove, while more cocaine, cooking materials, and distribution paraphernalia were found in the kitchen cabinet directly above the counter.  In addition to the above-named defendants, there were two young men in the front living room, Derrick Martin and Larry Drumgoole.

8.  Officers entered the home after breaching the front door and found
    EVERETT seated in a chair in the living room at the threshold of the dining
    room, approximately 10 feet from the kitchen.  I observed BEASLEY exit
    the kitchen and walk into the dining room.  BEASLEY eventually took
    control of the pit bull dog that was in the dining room and secured it in a
    kennel.

9.  In the kitchen, one of the burners on the stove was in the "on" position and
    hot.  No pot was found on the stove.  BROWN was found hiding in the
    basement crouched against the east wall of the basement behind pieces
    of wood.  Next to BROWN officers recovered a pot with water and a chunk
    of suspected crack cocaine inside.  WILLIAMS was found in the basement
    hiding under a cabinet/sink approximately 8 feet away from BROWN and
    the pot with suspected crack cocaine.  The basement is accessible only by
    the kitchen.

10. In the kitchen, officers observed and recovered the following: two (2) clear
    sandwich bags, each containing approximately 62 grams of powder
    cocaine on the kitchen counter in plain view; one (1) clear sandwich bag
    containing approximately 62 grams of cocaine base on top of the
    microwave in plain view; four (4) clear sandwich bags, each containing
    approximately 62 grams of powder cocaine in the kitchen cabinet; and one
    (1) clear sandwich bag containing approximately 62 grams of cocaine
    base on a different shelf in the kitchen cabinet.  Officers also observed the

following in the kitchen: a beaker, coffee can with hidden compartment, fork, numerous new/unused baggies commonly used to package narcotics for distribution, a digital scale, and cutting agents used to dilute powder cocaine to "cook" into cocaine base.  Several cell phones and a couple of chargers were also located inside the residence.

11. In the dining room adjacent to the kitchen, a few feet from where EVERETT was found, officers seized a shoebox containing $104,190 in U.S. currency.  Over $10,000 in U.S. currency was recovered from the kitchen pantry and kitchen cabinet.  At the time of the search, BEASLEY had $47 on his person, BROWN had $1,060 on his person, EVERETT had $468 on his person, and WILLIAMS had $320 on his person.

12. WILLIAMS also had keys to a Subaru rental vehicle which was parked outside of the location.  Inside that vehicle, officers recovered a sandwich bag containing approximately 31 grams of crack cocaine in the center console.  The rental paperwork was in another individual's name.

13. Officers found paperwork inside the location (including the kitchen) in the name of Sean Brown which included a Time Warner bill addressed to Sean Brown at 59 Chili Terrace.  There were also photographs and personal effects, including jewelry, of BROWN throughout the residence.

14. Officers observed a social security card in the name of Demitri EVERETT, parole paperwork to EVERETT, and a newspaper clipping about a 2003

homicide mentioning EVERETT all in a large manila envelope in the pantry area next to the kitchen.

15. Officers seized a box containing 48 rounds of Remington-Peters .357 caliber ammunition from the garage.

16. RPD Officer Myron Moses field tested the suspected cocaine base and powder cocaine seized, all of which tested positive for the presence of cocaine.  The cocaine base was in chunky, rock-like form which, based upon my training and experience, is consistent with cocaine when it has been transformed into cocaine base by a cooking process.

## EXPERT OPINION EVIDENCE

17. ATF Special Agent John Hayes, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, reviewed the description of the seized ammunition.  Based on that description, he determined that the ammunition was not manufactured in the State of New York.  Therefore, it did affect interstate commerce.

18. Based on your affiant's training and experience and knowledge of this investigation, it is your affiant's opinion that the individuals charged herein were cooking powder cocaine into crack cocaine for future distribution. This opinion is based on the following: (1) my training and experience in cocaine and crack cocaine investigations; (2) conversations with other experienced narcotics investigators; (3) the large amount of cocaine and

cocaine base present, which is far in excess of amounts consistent with personal consumption; (4) the simultaneous presence of a digital scale for weighing and new/unused baggies for packaging narcotics for future distribution in the same area with the cocaine and cocaine base; (5) the presence of over $100,000 in cash at the location; (6) the defendants' prior experience in narcotics trafficking; and (7) the ongoing cook from powder cocaine into cocaine base, which can be significantly more profitable than simply redistributing powder cocaine.  Furthermore, based on your affiant's training and experience as well as the extremely secretive nature of the narcotics trafficking business, the fact that BROWN, BEASLEY, EVERETT and WILLIAMS were present in the same room with (or immediate vicinity of) large amounts of drugs during a "cook" and cash demonstrates their joint participation because drug distributors with large amounts of cocaine and money on hand do not allow individuals not involved in the organization to have access to or knowledge about such activity.

## CONCLUSION

19. Based on the above information, your affiant submits that probable cause exists to believe that BROWN, BEASLEY, EVERETT and WILLIAMS violated Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute and distribute fifty (50) grams or more of cocaine base); Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (possession with intent to distribute fifty (50) grams or more of cocaine

base); and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)

(possession with intent to distribute a quantity of cocaine).   Your affiant

also submits that probable cause exists to believe that BROWN violated

Title 18, United States Code, Section 922(g)(1) (possession of ammunition

by a convicted felon).

Malcolm D. Van Alstyne, Jr.
ATF Special Agent

Subscribed and sworn to before me
this _25_ day of July, 2008.

Honorable Jonathan W. Feldman
United States Magistrate Judge